ROTH & MILLER, A CORPORATION, RESPONDENT, v. HYMAN TEMKIN AND SAMUEL LEVY, APPELLANTS.

Submitted December 15, 1916—Decided April 5, 1917.

A broker who procures a loan of money for his principal under the express contract of the latter to pay him a greater compensation than that allowed by section 5 of the Usury act, may, notwithstanding such void contract, recover the reasonable value of his services, not exceeding the statutory rate.

On appeal.

Plaintiff corporation, engaged in the real estate, insurance and mortgage loan brokerage business, entered into a written contract with defendant Hyman Temkin, engaging plaintiff to procure a mortgage loan of $18,000 upon property of defendants on Ravine street, Jersey City, in said contract mentioned, for procuring which and the expense of search, said defendant Temkin agreed to pay plaintiff the sum of $550 and give it the business of placing the insurance upon said property, which business, it, plaintiff, conducted for profit. The expenses of search and other expenditures for procuring such loan were about $160, thus leaving the plaintiff $390 as brokerage for procuring said loan. The plaintiff in pursuance of said contract, negotiated for, and procured a loan of $18,000, $2,000 of which was payable in installments, for a period of two and one-half years. The defendants, Temkin and Levy, accepted the mortgage loan of $18,000 encumbering their property on Ravine avenue, Jersey City.

The defendant Levy was a partner of defendant Temkin, and the owner of the mortgaged premises, and while he took no personal part in the negotiations for this loan—his partner Temkin acting in the matter—both defendants accepted the loan and Levy signed the bond and mortgage securing it.

A previous action was brought by this plaintiff against these defendants, upon the said written contract, in which

the court found that the said contract was usurious and entered into in violation of section 5 of the Usury act in that the plaintiff was by the terms of said agreement, to receive in value as brokerage for procuring said loan, more than fifty cents on $100 for a year, in which action, for said cause, the court nonsuited the plaintiff. The record of said action was offered and received in evidence in this case. No other agreement was made between the parties than therein set forth. This action is for the recovery of the reasonable value of the services rendered by plaintiff under said contract, and the court found that the sum of $217.50 is the reasonable value of such services, and rendered judgment for plaintiff against both defendants for said sum, with costs, to which ruling of the court defendants prayed and were allowed an exception.

The defendant Levy requested the court to find that he was not a party to said contract, nor did he take part in the active negotiations of the same, which finding the court made.

The defendant Levy further requested the court to find that the mere fact that Temkin was his partner at this time, and partner in the ownership of said real estate would not authorize Temkin to bind him by the contract or agreement in suit, and that judgment should be rendered in favor of defendant Levy against the plaintiff, which finding the court refused to make, and to which ruling of the court defendant prayed and was allowed an exception.

Defendants further requested the court to find that no recovery could be had in this case for the reasonable value of plaintiff's services, because there was an express agreement between the parties embracing the same subject-matter, which finding the court refused to make, to which ruling of the court defendants prayed and were allowed an exception.

The defendants requested the court to find that because the contract between the parties was usurious and in violation of section 5 of the Usury act, the plaintiff could not recover in this action, which finding the court refused to

make, and held that plaintiff was entitled to recover in this action, to which ruling the defendants prayed, and were allowed an exception.

Section 5 of the Usury act (4 *Comp. Stat., p.* 5706), reads as follows:

"That every solicitor, scrivener, broker, or driver of bargains, who shall directly or indirectly, take or receive more than the rate or value of fifty cents for brokerage, or soliciting or procuring the loan or forbearance of one hundred dollars for a year, and so in proportion for a greater or less sum, or for a longer or shorter time, or above twenty-five cents for drawing, making or renewing the bond or bill for such loan or forbearance, or for any counterbond or bill concerning the same, shall, for every such offence, forfeit sixteen dollars, to be recovered by action of debt, with costs, by any person who shall sue for the same; the one moiety to the prosecutor, and the other to the state."

Before Justices GARRISON, PARKER and BERGEN.

For the appellants, *Gross & Gross.*

For the respondent, *Frederick C. Henn.*

The opinion of the court was delivered by

GARRISON, J. The appellant Temkin, having had the benefit of the services rendered by the respondent at his request, seeks to avoid paying the reasonable value thereof, because he had expressly promised to pay therefor a larger sum than that permitted by section 5 of the Usury act.

This penalization of the respondent finds no justification in the language of the statute or in its policy, which is directed not against the borrowing of money or the rendition of services in connection therewith, but, on the contrary, recognizes the legality of such services by fixing the maximum compensation that may lawfully be received therefor.

The penalty for the violation of this provision is not a forfeiture, as in the historic Usury act, but a specific penalty

to be recovered in a *qui tam* action. The contract is unlawful in the sense that it is in law non-existent and, hence, unenforceable, but such illegality does not relate to the services themselves so as to render them immoral, or incapable of being made a basis of recovery independently of the void express contract. It is this feature that distinguishes usury statutes from contracts that call for the doing of that which is immoral or reprobated on grounds of public policy, in which case the courts are closed to the parties in pursuance of a judicial policy that thus purposely penalizes the participants in such immoral and illicit transactions; but where the sole illegality in a contract, otherwise lawful and moral, is that it calls for a compensation that is not allowed by statute, the courts have no judicial policy other than that of seeing that the statute is observed and that such penalties or forfeitures as the legislature has provided are enforced. The statute contains a prohibition and a penalty, each of which in an appropriate action the courts will enforce; the statute contains no forfeiture and presents no occasion for the construction of one by judicial policy.

This was the view taken of a similar statute by the appellate division of the Supreme Court of New York in a case that arose out of a written agreement to pay a stipulated sum for certain services looking to the setting aside of the will of Samuel J. Tilden, in connection with which the plaintiff claimed that he had procured for the defendant a loan of $30,000.

The agreement being in evidence and the Usury act being substantially similar to ours, a motion to nonsuit was made at the trial upon the grounds urged in the present case. In denying this motion the trial court said: "I decide that the plaintiff cannot maintain an action upon that paper; but, inasmuch as it is the right of this plaintiff to recover against this defendant for services which he has rendered at his request, he may go to the jury upon that theory and recover what the jury shall say his services were worth, provided the jury will find that the defendant employed him to render services."

Upon appeal, Justice Cullen said: "There is no provision in the statute rendering a contract or agreement to pay a greater compensation than that prescribed wholly void. One who renders services as a broker under an agreement to pay a higher compensation is entitled to receive pay for his services, but he cannot recover any more than the statutory compensation. As the statute merely prescribes a rate of compensation, but does not defeat the action, it was not necessary for the defendant to plead the statute; no recovery could be had against the defendant for the alleged breach of his written agreement, we do not see why the plaintiff was not entitled (if the jury found the facts in his favor) to recover for the services at the statutory rate." *Buchanen* v. *Tilden*, 18 *App. Div. (N. Y.)* 123.

The view thus illustrated seems to us to be both in theory and in practice preferable to the opposite view which makes a gratuity of services rendered to one who expected to pay for them merely because he agreed to pay for them more than the plaintiff was legally entitled to receive. This is both harsh and illogical. The rendition and acceptance of the services gave a complete right of action, subject to the statutory limitation as to the amount to be recovered, which cannot be exceeded by the making of an express agreement on which an action could not be maintained. Such a contract being void leaves the right of action that was entirely independent of such contract unaffected by anything in the statute which expressly provides a penalty that is utterly inconsistent with the forfeiture of all right of recovery upon a perfectly valid right of action.

Finding nothing in the statute that forfeits the plaintiff's right to recover for his services within the statutory rate, and no judicial policy that requires or would justify the imposition of such a penalty, it remains only to mention the other contention of the appellant, viz., that the plaintiff cannot recover upon a *quantum meruit*, because he has an express contract. The plaintiff has no express contract, the statute settles that, and it is also *res adjudicata* and the law of the case as between these parties.

We are not saying that the earlier case was properly decided, that question is not before us. It was decided in favor of the defendant, and, hence, he cannot now say that an express contract that was non-existent when an action was based upon it, is existent when an action is not based upon it. The appellee had a right of recovery against the appellant Temkin, upon the testimony set forth in the state of the case, but there was no testimony to support a judgment against the appellant Levy. The mere fact that Levy was a partner of Temkin and that he joined in the execution of the mortgage is not enough, the transaction was not partnership business, and the fact that a broker was employed or was necessary, does not appear by the state of the case to have been even known to Levy. There was, therefore, no basis for the raising of an implied contract between Levy and the plaintiff. The judgment of the Second District Court of Jersey City is affirmed as to the appellant Temkin and reversed as to the appellant Levy.